IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


JOELENE L. JENKINS                                                    PLAINTIFF

vs.                                  Civil No. 2:11-cv-02235

MICHAEL J. ASTRUE                                                    DEFENDANT
Commissioner, Social Security Administration

### MEMORANDUM OPINION

Joelene Jenkins ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits, ("DIB"), Supplemental Security Income ("SSI") and a period of

disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

### 1. Background:

Plaintiff protectively filed an application for DIB and SSI on June 18, 2009.  (Tr. 10, 106-

115).  Plaintiff alleged she was disabled due to lupus, arthritis, fatigue, high blood pressure,

headaches, blurred vison, and muscle pain.  (Tr. 154).  Plaintiff alleged an onset date of October 1,

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

2008.  (Tr. 154).  These applications were denied initially and again upon reconsideration.  (Tr. 54-64).  Thereafter, Plaintiff requested an administrative hearing on her applications and this hearing request was granted.  (Tr. 67).

Plaintiff's administrative hearing was held on September 28, 2010, in Fort Smith, Arkansas.  (Tr. 27-53).  Plaintiff was present and was represented by counsel, Fred Caddel, at this hearing.  *Id.*  Plaintiff and Vocational Expert ("VE"), Dale Thomas testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was forty-two (42) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had a B.S. degree in Elementary Education.  (Tr. 33-34).

On November 23, 2010, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI.  (Tr. 10-22).  In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 1, 2008.  (Tr. 12, Finding 2).  The ALJ determined Plaintiff had the severe impairments of systemic lupus erythematosus, hypertension, migraine headache, and depression.  (Tr. 12, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC.  (Tr. 15-20, Finding 5).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC sedentary work, except she can only occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; cannot climb ladders, ropes, or scaffolds; must avoid concentrated exposure to extreme heat; can understand, remember, and carry out simple, routine, and repetitive tasks; respond appropriately to supervisors, co-workers, the general public, and usual work

2

situations; and can perform low stress work.  *Id.*

 The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 20, Finding 6).  The ALJ determined Plaintiff was unable to perform her PRW.  *Id.*  The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 20-21, Finding 10).  The ALJ based this finding upon the testimony of the VE.  *Id.*  Specifically, the VE testified that a hypothetical individual with Plaintiff's limitations retained the ability to perform work as a patcher with 1,500 such jobs in Arkansas and 15,500 in the national economy, credit authorizer with 75 such jobs in Arkansas and 16,000 in the national economy and work as an interviewer with 500 such jobs in Arkansas and 37,000 in the national economy.  *Id.*  The ALJ then determined Plaintiff had not been under a disability, as defined by the Act, at anytime through the date of his decision.  (Tr. 21, Finding 11).

 Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 6).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On November 7, 2011, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on December 21, 2011.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 11, 12.  This case is now ready for decision.

## 2. <u>Applicable Law:</u>

 In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

Case 2:11-cv-02235-BAB   Document 13   Filed 12/12/12   Page 4 of 7 PageID #: 63

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

4

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by

substantial evidence in the record.  ECF No. 11, Pg. 12-20.  Specifically, Plaintiff claims the ALJ

erred (1) by not finding certain impairments were severe, (2) in his RFC determination, and (3)  in

the credibility determination of Plaintiff.  In response, the Defendant argues the ALJ did not err in

any of his findings.  ECF No. 12.  Because this Court finds the ALJ erred in the credibility

determination of Plaintiff, this Court will only address this issue.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are

as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain;

(3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a *Polaski* evaluation. Instead of evaluating the *Polaski* factors outlined above and stating valid reasons for discounting Plaintiff's subjective complaints, the ALJ only focused upon whether those subjective complaints were supported by her medical records. (Tr. 16-19). Indeed, in his opinion, the ALJ only made the following perfunctory statement regarding Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 16).  Because the ALJ did not comply with the requirements of *Polaski*, this case must be reversed and remanded.[3]

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **12th day of December 2012.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3]  This Court recommends this case be reversed and remanded only for the purpose of fully considering the *Polaski* factors and supplying valid reasons for discounting Plaintiff's subjective complaints.  This Memorandum Opinion should not be interpreted as requiring Plaintiff be awarded disability benefits upon remand.